**Jose MELGOZA, Petitioner–Appellant,**

v.

**Howard A. PETERS and Roland Burris \*, Respondents–Appellees.**

**No. 90–2429.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 29, 1991.

Decided May 16, 1991.

Jeffrey Urdangen, Ross Alan Keene, Chicago, Ill., for petitioner-appellant.

Terence M. Madsen, Richard S. London, Carol J. Ludwig, Asst. Attys. Gen., Chicago, Ill., for respondents-appellees.

Before WOOD, Jr., FLAUM, and MANION, Circuit Judges.

FLAUM, Circuit Judge.

Jose Melgoza was convicted of murder in Illinois as a result of a drive-by shooting in which he was the driver. After exhausting his state court remedies, he filed a petition for a writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2254. Melgoza's petition alleged that his sentence was unconstitutionally excessive and that he was deprived of due process because the trial court, over his objection, instructed

---

\* Roland Burris, as Illinois Attorney General, is substituted for Neil F. Hartigan pursuant to Fed.R.App.P. 43(c).

the jury regarding his failure to testify. On appeal, Melgoza pursues only the challenge to the jury instruction.

Melgoza was tried jointly with co-defendant Carlos Aguilar, the alleged shooter. At the close of the evidence, Aguilar requested the court to instruct the jury not to draw any adverse inferences from his failure to testify. Melgoza objected to that instruction. The trial court recognized the conflict posed by the disagreement, but determined that it had to provide the instruction if a defendant requested that it be given.[1]

Melgoza concedes that the trial court's decision to issue the instruction did not violate his fifth amendment right against self-incrimination. *See Lakeside v. Oregon*, 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978). In *Lakeside* the trial court, over defense counsel's objection, instructed the jury not to draw any adverse inference from the defendant's decision not to testify. 435 U.S. at 334, 98 S.Ct. at 1092. The defendant argued that the cautionary instruction was like "waving a red flag in front of the jury," and that it operated only to draw attention to the defendant's silence. 435 U.S. at 339–40, 98 S.Ct. at 1094–95. The Court, however, held that the trial court did not violate the privilege against compulsory self-incrimination by issuing the instruction over the defendant's objection because it correctly instructed the jurors regarding the law and did not constitute adverse comment upon the defendant's failure to testify. *Lakeside* thus precludes Melgoza from arguing that he had a fifth amendment right not to receive the no-inference instruction.

Melgoza attempts to avoid the impact of *Lakeside* by characterizing his claim as arising under the due process clause rather than the fifth amendment. He contends that the state trial court's decision to issue a no-inference instruction fundamentally impaired the fairness of his trial in violation of the fourteenth amendment.[2] This fundamental fairness claim fares no better than the fifth amendment challenge rejected in *Lakeside*. Jury instructions will not be disturbed on appeal if they treated the issues fairly and accurately. *United States v. Doerr*, 886 F.2d 944, 960 (7th Cir.1989). Melgoza's due process argument ultimately rests upon the same reed as the fifth amendment argument in *Lakeside*—the notion that the instruction unfairly emphasizes the defendant's silence. The *Lakeside* Court, however, held that a no-inference instruction does not unduly focus the attention of the jury on a defendant's failure to testify. The Court observed that the no-inference instruction does no more than correctly "instruct [a jury] in the meaning of the privilege against compulsory self-incrimination." 435 U.S. at 340, 98 S.Ct. at 1095. A trial court's decision to issue a jury instruction that constitutes a correct statement of the law does not violate due process. Accordingly, the decision of the district court is

AFFIRMED.

---

1. The instruction provided: "The fact that [ (a) (the) ] defendant(s) did not testify should not be considered by you in any way in arriving at your verdict." Illinois Pattern Instruction, Criminal, 2.04.

2. In support of this claim, Melgoza attempts to demonstrate that the trial court violated Illinois law in giving the instruction over defendant's objection. The propriety of the instruction under state law, however, is irrelevant to a claim that defendant was deprived of fundamental fairness by use of the jury instruction.